# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **LUCIO ARREGUIN VEGA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.:** |
| **VS.** ) | |
| ) | |
| **MAGNOLIA HOMES OF** ) | |
| **ALABAMA, LLC** ) | **JURY DEMANDED** |
| **DBA MAGNOLIA ROOFING** ) | |
| **AND CONSTRUCTION, and** ) | |
| **FRANK SWINDLE** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW Plaintiff Lucio Arreguin Vega, by and through his attorneys, in the above styled cause, and for his Complaint for violations of the Fair Labor Standards Act of 1938 ("FLSA") against Defendants, Magnolia Homes of Alabama, LLC dba Magnolia Roofing and Construction, and Frank Swindle, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, pursuant to the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201, et seq., and 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this District and Division.

3. Venue is proper in the Northern District of Alabama because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

4. Specifically, Defendants have maintained a working presence in the State of Alabama (and the United States), and Plaintiff worked in Tuscaloosa County, Alabama throughout his employment with Defendants, which is located within this District and Division.

5. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b)**.**

## PARTIES

6. Plaintiff Lucio Arreguin Vega (hereinafter "Plaintiff" or "Arreguin"), is an adult, is nineteen (19) years of age or over, and is a resident of Tuscaloosa County, Alabama. Plaintiff was, at all times relevant to this Complaint, an employee of the Defendants within the contemplation of 29 U.S.C. § 203(e)(1).

7. Defendant Magnolia Homes of Alabama, LLC dba Magnolia Roofing and Construction (hereinafter "Magnolia Roofing") is an entity registered to do business in the State of Alabama, based out of Coker, Alabama, and is conducting

business in Tuscaloosa County, which is in the Western Division of the Northern District of Alabama.

8. Defendant Frank Swindle ("Swindle") upon information and belief is a resident of Alabama, and is an adult over the age of twenty-one (21).

9. Defendants Magnolia Roofing and Frank Swindle are sometimes referred to in this Complaint collectively as "Defendants," which is meant to refer to and include all named Defendants.

10. At all times relevant to this action, Defendant Magnolia Roofing has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times relevant to this action, Defendant Frank Swindle has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times relevant to this action, each Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times relevant to this action, each Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the

production thereof.

14. At all times relative to this action, Defendants have had, and continue to have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

15. During the period of Plaintiff's employment by the Defendants, the Plaintiff provided services for the Defendants that involved interstate commerce for purposes of the FLSA.

16. In performing the operations described in this Complaint, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and/or 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

17. Plaintiff is (or was) a non-exempt employee who worked for Defendants within the meaning of the FLSA.

18. At all times hereinafter mentioned, Plaintiff is (or was) an individual employee who was engaged in commerce or in the production of goods for commerce as required by the FLSA for coverage.

19. Defendant Frank Swindle is, upon information and belief, the owner and an officer of Magnolia Roofing. At all times relevant to the claims made the basis of this suit, Defendant was acting in his capacity as owner and officer and

had significant operational control over the day-to-day functions of the Plaintiff, including, but not limited to, the ability to hire and fire Plaintiff, supervision and control of Plaintiff, and responsibility for the compensation of Plaintiff.

20. Frank Swindle is engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. §§ 203(r), 203(s).

## STATEMENT OF FACTS

21. Plaintiff adopts by reference each and every material averment set out above as if fully set forth herein.

22. Plaintiff began working for the Defendants on or about October 1, 2017 and continued working full time until January 30, 2019, when he was injured while working for Defendants. Plaintiff worked full-time for Defendants during that entire period.

23. Plaintiff worked for Defendants as a construction manual laborer, performing duties relating to roofing, siding and other construction work, for Defendants, and was paid an hourly rate.

24. Specifically, Plaintiff was paid $14 per hour.

25. Plaintiff performed construction work for Defendants on jobs in multiple states including Alabama and Georgia.

26. On out-of-town jobs, Plaintiff and the rest of his construction crew would travel with tools and supplies to the worksites where they performed labor.

27. Plaintiff worked solely and only for the Defendants during the period stated herein above, and did not provide work for any other employers.

28. The Plaintiff performed work for Defendants approximately ten (10) to fourteen (14) hours per day, six (6) days per week.

28. Roughly half of the weeks that the Plaintiff was performing work for Defendants, in addition to the six (6) days that he worked, he would also work half a day on Sunday.

29. Defendants' customary practice was to have Plaintiff work more than forty (40) hours per week, for which Plaintiff should have received overtime for all hours in excess of forty (40).

30. However, none of the hours which Plaintiff worked over forty (40) in a workweek were paid at an overtime rate.

31. Plaintiff never received any overtime pay.

32. The Defendants, despite direct knowledge of the Plaintiff's additional work hours, continually paid the Plaintiff on a basis that ignored and did not compensate him for his overtime hours.

33. Defendants intentionally and willfully did so, in order to avoid paying Plaintiff for the overtime hours that he routinely worked.

34. Defendants always paid Plaintiff in cash.

## COUNT ONE

## FLSA Violations

35. Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

36. Defendants have failed to comply with the FLSA's wage requirements by failing to pay Plaintiff at one and one-half (1 ½) his regular rate for all hours worked in excess of forty (40) hours per week.

37. Defendants have failed to comply with the FLSA by failing to keep and maintain accurate records and information documenting the hours worked and wages earned by the Plaintiff.

38. Defendants' willful violations of the FLSA have caused the Plaintiff to suffer financial damage consisting of loss of pay.

39. At all material times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

40. The Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff.

41. Defendants' failure to accurately pay overtime wages to the Plaintiff was, and is, willfully perpetrated. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of

liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to the FLSA.

42. Plaintiff is also entitled to an award of his costs, attorneys' fees, and expenses incurred in asserting this action and recovering his wages.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel the Defendants to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff, to be paid by the Defendants, the amount of his unpaid and/or improperly paid wages, overtime compensation and benefits, computed at a proper rate, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

C. That the Plaintiff be granted judgment against the Defendants for all reasonable attorneys' fees, costs, disbursements and compensatory damage; and

D. For such other and further relief as the FLSA dictates and that this Court deems equitable, proper, and just, including but not limited to, any injunctive and/or declaratory relief to which Plaintiff may be entitled.

Dated this 25th day of February, 2020.

        Respectfully Submitted,

        /s/ David A. Hughes
        David A. Hughes (ASB-3923-U82D)
        Attorney for Plaintiff
        2121 14th Street
        Tuscaloosa, Alabama 35401
        Phone: (205) 523-0463
        Fax: (205) 344-6188
        E-mail: dhughes@hardinhughes.com

        /s/ Nicole Self-Drake Hughes
        Nicole Self-Drake Hughes (ASB-1430-E68D)
        Attorney for Plaintiff
        2121 14th Street
        Tuscaloosa, Alabama 35401
        Phone: (205) 523-0465
        Fax: (205) 344-6188
        E-mail: nhughes@hardinhughes.com

        *Attorneys for Plaintiff*

## Jury Demand

Plaintiff demands trial by struck jury.

        **/s/ David A. Hughes**
        OF COUNSEL

Service Addresses:

Magnolia Homes of Alabama, LLC
c/o USCA Inc.
100 Oxmoore Rd., Suite 110
Birmingham, AL 35209

Frank Swindle
15617 Hillview Rd.
Coker, AL 35452